**NOT FOR PUBLICATION**

DEC 12 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STONE & YOUNGBERG, LLC, | No. 11-16684 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00198-MMC |
| v. | |
| KAY FAMILY REVOCABLE TRUST UAD 02-07-90 FBO LENORE BLEADON UNDER TRUST A, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted December 3, 2012
San Francisco, California

Before:  SILVERMAN, GRABER, and GOULD, Circuit Judges.

Plaintiff Stone & Youngberg, LLC, sued defendant Kay Family Revocable

Trust UAD 02-07-90 FBO Lenore Bleadon Under Trust A under the Federal

Arbitration Act, 9 U.S.C. §§ 1–16, after Defendant received a favorable arbitration

award.  The district court denied Plaintiff's motion to vacate the award and granted

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendant's motion to confirm it. Reviewing de novo, <u>Collins v. D.R. Horton, Inc.</u>, 505 F.3d 874, 879 (9th Cir. 2007), we affirm.

1. The arbitration panel did not exceed its powers within the meaning of 9 U.S.C. § 10(a)(4) because it did not manifestly disregard the law. <u>See</u> <u>Bosack v. Soward</u>, 586 F.3d 1096, 1104 (9th Cir. 2009). The arbitration panel may have accepted a theory of liability under California negligence law according to which Plaintiff was liable because of its allegedly inadequate due diligence. Notwithstanding the legal authorities it cited to the arbitration panel, Plaintiff has not demonstrated "that the arbitrators recognized the <u>applicable</u> law and then ignored it." <u>Lagstein v. Certain Underwriters at Lloyd's, London</u>, 607 F.3d 634, 641 (9th Cir.), <u>cert. denied</u>, 131 S. Ct. 832 (2010) (emphasis added) (internal quotation marks omitted); <u>see also</u> <u>Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.</u>, 341 F.3d 987, 994 (9th Cir. 2003) (en banc) ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute . . . .").

2. We have no authority under the Arbitration Act to vacate or modify the arbitration award to prevent a potential double recovery by Defendant. 9 U.S.C. §§ 10–11. We express no opinion as to whether Plaintiff may pursue any other legal remedies it may have.

**AFFIRMED**.